```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE  NO.  10-62199-CIV-UNGARO
                              MAGISTRATE JUDGE P.A. WHITE

YVON MONCHER,                 :

        Plaintiff,            :      REPORT
                                     OF MAGISTRATE JUDGE
v.                            :        (DE#14)

OFFICER JAMES BARNICK, ET AL.,:

        Defendants.           :
_____
```

I.  Introduction

The plaintiff Yvon Moncher, currently housed at the Apalachee Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

This cause is presently before the Court upon a Motion to Dismiss filed by Defendants Barnick, Chidsey and Phillips.

II. Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff fails to plead facts that state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their

claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

   A. <u>Statement of Claims</u>

The plaintiff initially named the following defendants:

1. City of Hollywood Police Officer James Barnick
2. City of Hollywood Police Officer John Chidsey
3. City of Hollywood Police Officer Donald Phillips
4. K-9 Dax[1]

The plaintiff alleges that on December 17, 2005, following a chase, Officer Barnick commanded K-9 Dax to attack him while he was in his parked car, surrounded by police officers. He further alleges that after he was subdued, Officer Chidsey engaged in excessive force by striking him numerous times in the head with a flashlight, resulting in the need for numerous stitches. He seeks

---

[1] The police dog is not amenable to suit because a dog is not a "person" acting under color of state law.

monetary damages and other relief. The plaintiff was later convicted of eluding arrest and resisting arrest with violence.

B.  <u>Sufficiency of Complaint</u>

<u>Statute of Limitations and Equitable Tolling</u>

In the Preliminary Report the complaint was found to be barred by the Statute of Limitations. In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law.  The Court further held that these cases are best characterized as personal injury actions.  Such claims in Florida are governed by <u>Fla.Stat.</u> §95.11(3)(a), actions founded on negligence, or <u>Fla.Stat.</u> §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

Later, the Supreme Court decided <u>Owens v. Okure</u>, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or residual personal injury statute of limitations.  In Florida, this is <u>Fla.Stat.</u> §95.11(3)(p), four years for actions not specifically provided for.  The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the

3

limitations period for prisoners. Hardin v. Straub, 490 U.S. 536 (1989). Florida has a general tolling statute, Fla.Stat. §95.051, but it does not toll limitations periods for prisoners.

Thus, the length of the limitations period, determined by state law, is four years. The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included. McMillen v. Hamilton, 48 So.2d 162 (Fla. 1950); Fla.R.Civ.P. 1.090(a).

The Report however indicated that at the preliminary stage, although the complaint was barred by the statute of limitations, the plaintiff may be entitled to equitable tolling. These exact claims were timely raised against these defendants in Case No. 08-61559-Civ-Ungaro. That case was at the summary judgment stage when the plaintiff filed a motion for voluntary dismissal, allegedly due to a pending appeal in his underlying state criminal case. The motion was granted on August 13, 2009, by Order of United States District Judge Ursula Ungaro, and the case was dismissed without prejudice. The plaintiff was not cautioned that his complaint could be barred by the statute of limitations, upon re-filing.

The action in this case took place on December 17, 2005. The plaintiff therefore had four years to file a complaint, that is until December 18, 2009. A complaint filed after that date would be barred by the statute of limitations. This left the plaintiff four months to timely re-file his complaint, after his motion for voluntary dismissal was granted without prejudice on August 13, 2009.

4

The plaintiff re-filed this complaint on November 15, 2010, and signed it on November 8, 2010,[2] eleven months past the statute of limitations. As previously stated, because the pro-se plaintiff was not cautioned of the statute of limitations, and because the case was dismissed without prejudice, it was unclear at the preliminary stage whether the plaintiff would be entitled to equitable tolling.

"Equitable tolling is appropriate when a plaintiff untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). Equitable tolling is only proper on the court's "finding [that] an inequitable event . . . prevented plaintiff's timely action," and the plaintiff bears the burden of proof. See also Penoyer v. Briggs, 2006 WL 3392755 (11 Cir. 2006).

The Report concluded that the complaint proceed against the defendants for the use of excessive force, but that the defendants could file a motion to dismiss to demonstrate that the plaintiff was not entitled to equitable tolling, and that the complaint should be barred by the statute of limitations. The Report was adopted on February, 21, 2011.

Defendants' Motion to Dismiss (DE#14)

The Defendants Barnick, Chidsey and Phillips have filed a motion to dismiss, claiming that 1)the complaint should be barred

---

[2] For purposes of the statute of limitations, the mail box rule is followed, that is the date the complaint was signed and given to the prison authorities for mailing is the controlling date. Garvey v Vaughn, 993 F.2d 776 (11 Cir. 1993).

by the statute of limitations, 2) dismissed pursuant to Rule 41(b) because of plaintiff's failure to diligently prosecute his claims, and 3) dismissed for failure to timely effectuate service of process. The argument of plaintiff's failure to timely file his complaint is the definitive argument in this case. As previously stated, the cause of action in this case took place on December 17, 2005. The plaintiff therefore had four years to file a complaint, that is until December 18, 2009. A complaint filed after that date would be barred by the statute of limitations.

The plaintiff filed his initial complaint in case no. 08-61599-Civ Ungaro in a timely fashion. The plaintiff voluntarily dismissed his case at the summary judgement stage. The case was dismissed and closed on August 13, 2009. This left the plaintiff four months to timely re-file his complaint, after his motion for voluntary dismissal was granted without prejudice. The plaintiff re-filed his complaint in this case fifteen months later on November 8, 2010. Therefore the statute of limitations had run.

The only remaining issue is whether the plaintiff is entitled to equitable tolling. As stated in the prior Preliminary Report, in general, the re-filing of a complaint following a voluntary dismissal does not toll the statute of limitations. See: Weldon v Data Electronic Systems corp., 138 Fed. Appx. 136 (CA 11 2005).

The plaintiff dismissed his initial complaint stating that defendants' motion for summary judgement states a legally sufficient argument (Case No. 08-61559 DE#66). He further stated that the basis for the voluntary dismissal was the pending appeal of his underlying criminal conviction, and that he intended to re-file once his criminal case had been reversed. (Id at DE#66). The defendants provide the Court with a docket sheet from the Fourth

District Court of Appeal in support of their argument that the appeal of his criminal case was resolved on December 11, 2009, prior to the expiration of the statute of limitations, thereby providing the plaintiff with the opportunity to re-file his complaint within the statute of limitations.

The docket indicates that the court dismissed appellate case 4D09-4740 on December 11, 2009, prior to the expiration of the statute of limitations. On December 30, 2009, the Fourth District Court of Appeal addressed appellate case 4D09-1892, which involved a challenge only to the plaintiff's sentence. The case was remanded for the sole purpose of directing the trial court to supplement the record with documents supporting the plaintiff's status as a habitual violent felony offender. No other appeal is pending with respect to the underlying convictions and there is no evidence that demonstrates that his convictions have been overturned or otherwise rendered invalid. The time for the plaintiff to have re-filed his complaint would have been as of December 11, 2009. Even if the plaintiff was not aware of the Court's decision for a few days and was unable to get his complaint to the prison officials within a few days from the decision, there is no justification for the plaintiff to have waited eleven months to re-file his complaint.

The plaintiff has failed to demonstrate that his complaint was untimely filed due to extraordinary circumstances beyond his control and unavoidable even with diligence required by the Sandvik

Court.³ The plaintiff is therefore not entitled to equitable tolling.

### III. Recommendation

Based on the foregoing, it is recommended that:

1. The defendants' motion to dismiss based upon the statute limitations be granted. (DE#14).

2. This case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 13th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Yvon Moncher, Pro Se
    DC No. M19176
    Apalachee Correctional Institution-East Unit
    35 Apalachee Drive
    Sneads, FL 32460

    Attorneys of record

---

³The defendants argue that the plaintiff's allegation of false arrest was barred by Heck v Humphrey, 512 U.S. 477 (1994) and therefore the plaintiff was required to have his conviction expunged or reversed to be successful in this civil rights complaint. However, they argue that his claim of excessive force was not barred by Heck, and the plaintiff could have raised that issue without waiting for his convictions to be overturned. This argument is only partly true, as a conviction of resisting arrest with violence would greatly undermine a claim of use of excessive force.

8